**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**

---

LAUREN PARKER,
      Plaintiff,

    v.

TRANS UNION, LLC,
      Defendant.

CASE NO. 1:25-cv-09910

Judge Georgia N. Alexakis

---

**TRANS UNION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENSES**

---

Trans Union LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff LAUREN PARKER as and for her Complaint respectfully alleges as follows:

**INTRODUCTION**

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive damages against defendant TRANSUNION, LLC ("TransUnion") for violations of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681 et seq.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union. Trans Union denies that it violated the FCRA (or any other law).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 USC §1681p, 28 USC §1331, and 28 USC §1337(a).

**ANSWER**: Trans Union admits the allegations contained in this paragraph.

3.      Venue is proper in this Court pursuant to 28 USC §1391(b)(2).

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Venue is proper in this District. Plaintiff is a natural person that resides in Chicago, Illinois, the violations described in this complaint occurred in this District, and the Defendant transacts business within this district.

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

5.      Plaintiff Lauren Parker is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family or household purposes.

**ANSWER**:      Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6.      Plaintiff is a "consumer" as that term is defined by FCRA 15 USC §1681a(b) and (c).

**ANSWER**:      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.      Defendant TransUnion LLC is a credit reporting agency, as defined in 15 USC 1681a(f). Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties. TransUnion can

be served through its registered agent, Prentice Hall Corporation, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

8. Upon information and belief, TransUnion disburses consumer reports to third parties under contract for monetary compensation.

**ANSWER**: Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, but because this allegation does not identify any particular consumer report, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). .

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## FACTUAL ALLEGATIONS

10. On multiple occasions; including June 14, 2021, August 2, 2021, September 2, 2021 and April 1, 2022, Plaintiff sent written disputes via certified mail to TransUnion disputing the completeness and/or accuracy of the following tradelines: (1)AES; (2) Capital One 517805849519****; (3) Capital One517805773548****; (4) Fair Collections & Outsourcing; (5) Merrick Bank; (6) Midland Credit Management; (7) Navy Federal Credit Union

500001403216000685****; (8) Navy Federal Credit Union 4300153554****; (9) Santander (Exhibit A)

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that Exhibit A speaks for itself.

11.  TransUnion failed to verify, investigate and/or reinvestigate the aforementioned accounts and subsequently when Plaintiff disputed Fair Collections & Outsourcing, Midland Credit Management and Santander directly with the companies Fair Collections & Outsourcing, Midland Credit Management and Santander deleted the accounts. (Exhibit B)

**ANSWER**:  Trans Union denies the allegations contained in this paragraph.  Trans Union states that Exhibit B speaks for itself.

12.  On or about May 2025, Plaintiff obtained a copy of her consumer report and discovered incomplete and inaccurate information furnished by Defendant as follows:

a.  Defendant TransUnion is reporting inaccurate and/or incomplete information regarding the accounts furnished by the following: (1) Capital One 517805773548**** ; b (2) Dept of Ed/AIDVANTAGE 93742780941E0022015110524****; (3) Merrick Bank; (4) Navy Federal Credit Union

**ANSWER**:  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.  On or about June 26, 2025, Plaintiff sent an Affidavit via certified mail to Defendant TransUnion disputing the completeness and/or accuracy of the aforementioned

tradelines, highlighting the inaccuracies, and informing TransUnion of her intent to sue if they did not cease their reporting of the false information. (Exhibit C)

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that Exhibit C speaks for itself.

14. On or about July 27, 2025, Plaintiff obtained a copy of her dispute results and discovered incomplete and inaccurate information furnished by Defendant TransUnion as follows: a. Defendant TransUnion is reporting inaccurate and/or incomplete information regarding the accounts furnished by the following: (1) Capital One; (2) Dept of Ed/AIDVANTAGE; (3) Merrick Bank (4) Navy Federal Credit Union (Exhibit B)

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that Exhibit B speaks for itself.

15. Plaintiff noticed that despite her disputes, the alleged tradelines were still being reported inaccurately and/or incompletely on her consumer report.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16. TransUnion is reporting inconsistent and conflicting data regarding Capital One account number 517805773548****, including reporting a last made payment on 12/05/2023, when the account was reported closed 09/01/2021. Upon information and belief a payment was not made to Capital One after the account was closed. Plaintiff has reason to believe a payment was reported in order to re-age the account. Furthermore, if a payment was made on 12/05/2023

then a reported high balance of $2,126 a charge-off amount of $2,126, and a remaining balance of $2,126 would be mathematically and legally impossible. (Exhibit B)

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that Exhibit B speaks for itself.

17. TransUnion has not reported that Merrick Bank account was disputed. TransUnion is reporting that the last Merrick Bank payment was made on 8/13/2019 in the amount of $0, which is verifiably inaccurate, misleading and harmful to Plaintiff. (Exhibit B)

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that Exhibit B speaks for itself.

18. TransUnion is reporting the Merrick Bank account was closed on 1/28/2020 and the balance is $1069. Merrick Bank sent a statement to Plaintiff on several occasions during regular business and upon Plaintiff's request reporting New Balance $0.00, Past Due Amount $0.00, and Minimum Amount Due $0.00 as of 3/31/2020. (Exhibit B)

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that Exhibit B speaks for itself.

19. TransUnion is reporting Navy Federal Credit Union account 5000014032160006854**** being closed 02/17/2020 and last payment received on 11/20/2020 in the amount of $0, which is verifiably inaccurate, misleading and harmful to Plaintiff. (Exhibit B)

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that Exhibit B speaks for itself.

20. TransUnion is reporting Navy Federal Credit Union account 4300153554**** as having a late payment. Plaintiff was never late and provided all payments for the Secured transaction.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21. TransUnion also failed to remove unrelated personal identifiers from Plaintiffs file, despite multiple written disputes.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of information they report. 15 USC § 1681e(b).

**ANSWER**: Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

23. When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 USC § 1681i.

**ANSWER**:    Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

24.    Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

**ANSWER**:    Trans Union states that the cited provision of the FCRA speaks for itself.  To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

25.    Despite multiple disputes, Defendant TransUnion has failed to conduct a reasonable reinvestigation and continues to report inaccurate, incomplete, and unverifiable information, in direct violation of 15 U.S.C. §§ 1681e(b) and 1681i(a).

**ANSWER**:    Trans Union denies the allegations contained in this paragraph.

26.    In or around November 2022, Plaintiff applied for car financing, which was subsequently denied.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.    The denial letter informed Plaintiff the denial was based upon delinquent past or present credit obligations with others.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.     The denial letter further stated the credit decision was based on information obtained from consumer reporting agencies including Defendant TransUnion. (Exhibit D)

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).   Trans Union states that Exhibit D speaks for itself.

29.     Plaintiff has received several denial letters since then based on the same factors.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30.     As a result of the actions and inactions of the Defendant, Plaintiff suffered damages, including but not limited to being denied credit or being granted credit with a much higher interest rate, severe humiliation, emotional distress, frustration, anxiety and mental anguish.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

### FIRST CLAIM FOR RELIEF
### 15 USC § 1681e(b)

31.     Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

32.     Defendant TransUnion violated 15 USC § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report purportedly concerning Plaintiff.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

33.     Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

34. At all times alleged herein, Defendant TransUnion acted negligently and/or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

35. Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## SECOND CLAIM FOR RELIEF
### 15 USC § 1681g

36. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

37. Defendant TransUnion has failed to comply with the requirement in 15 USC § 1681g to provide a full file disclosure to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

38. Defendant TransUnion has caused injury in fact, by causing, among other effects mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

39. Defendant TransUnion has done so either negligently or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

40. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

41.     Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 USC § 1681n.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

### THIRD CLAIM FOR RELIEF
### 15 USC § 1681i(a)(2)

42.     Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

43.     Defendant TransUnion has failed to comply with the reinvestigation requirements in 15 USC § 1681i.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

44.     Defendant TransUnion has violated 15 USC § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

45.     TransUnion's failure obstructed the proper handling of Plaintiff's dispute and prevented a fair reinvestigation.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

46.     Defendant TransUnion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

47.     Defendant TransUnion has done so either negligently or willfully.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

48. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

49. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 USC § 1681n.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## FOURTH CLAIM FOR RELIEF
### 15 USC § 1681i(a)(4)

50. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

51. Defendant TransUnion has violated 15 USC § 1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

52. Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

53. At all times alleged herein, Defendant TransUnion acted negligently and/or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

54. Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

**FIFTH CLAIM FOR RELIEF**
**15 USC § 1681i(a)(5)**

55.     Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

56.     Defendant TransUnion violated 15 USC § 1681i(a)(5) because they (i) failed to reinvestigate the inaccurate tradelines on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify the furnishers of information that the information was deleted from Defendant's file of Plaintiff.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

57.     Defendant TransUnion violated 15 USC § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

58.     Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

59.     At all times alleged herein, Defendant TransUnion acted negligently and/or willfully.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

60.     Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**:     Trans Union denies the allegations contained in this paragraph.

## SIXTH CLAIM FOR RELIEF
### 15 USC § 16811(a)(6)(B)(iii)

61. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

62. Defendant TransUnion has violated 15 USC § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

63. Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

64. At all times alleged herein, Defendant TransUnion acted negligently and/or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

65. Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## SEVENTH CLAIM FOR RELIEF
### 15 USC § 1681i(7)

66. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

67.    Defendant TransUnion has violated 15 USC § 1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

**ANSWER**:    Trans Union denies the allegations contained in this paragraph.

68.    Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

**ANSWER**:    Trans Union denies the allegations contained in this paragraph.

69.    Defendant TransUnion acted negligently and/or willfully.

**ANSWER**:    Trans Union denies the allegations contained in this paragraph.

70.    Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**:    Trans Union denies the allegations contained in this paragraph.

### JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAUREN PARKER, respectfully requests a jury trial and that this Honorable Court enter judgement in favor of Plaintiff and against Defendant as follows:

a.    An order directing TransUnion to immediately delete all inaccurate information from Plaintiff's credit reports and credit files;

b.    Actual or statutory damages pursuant to 15 USC § 168 ln(a)(1)(A);

c.    Actual damages pursuant to 15 USC § 1681o(a)(1);

d.    Costs and attorney's fees pursuant to 15 USC § 168 ln(a)(3) and 15 USC § 1681 o(b);

e.    For such other and further relief as the Court may deem just and proper.

**ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

### DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

### DEFENSES

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Trans Union's reports concerning Plaintiff were true or substantially true.

3.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

6.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

7.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

8.      Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

9.      Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

10.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

11.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

12.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


*/s/ Scott E. Brady*
Scott E. Brady, Esq. (IL# 3053449)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 602
Fax:  (317) 899-9348
E-Mail:  sbrady@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **6th day of October, 2025**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **6th day of October, 2025** properly addressed as follows:

| **Pro Se Plaintiff**<br>Lauren Parker<br>1 East Erie Street, Suite 525<br>Chicago, IL 60611 | |
|---|---|

*/s/ Scott E. Brady*
Scott E. Brady, Esq. (IL# 3053449)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail: sbrady@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*