



FILED
10/9/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CVK

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| LAUREN PARKER <br><br>       Plaintiff <br><br> v. <br><br> TRANSUNION, LLC <br><br>       Defendant | Case No. 25-CV-09910 <br> Judge: Honorable Georgia N. Alexakis |

**PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT TRANSUNION LLC**

NOW COMES Plaintiff, Lauren Parker, appearing pro se, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and respectfully moves this Honorable Court to strike certain affirmative defenses asserted by Defendant TransUnion LLC in its Answer to Plaintiff's Complaint. In support of this Motion, Plaintiff states as follows:

**I. INTRODUCTION**
Defendant TransUnion LLC ("Defendant", "TransUnion") has asserted a series of purported "affirmative defenses" in its Answer. Many of these defenses are legally insufficient, redundant, conclusory, or improper as affirmative defenses. As such, Plaintiff respectfully moves to strike the following defenses under Rule 12(f), which authorizes the Court to strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

**II. STANDARD**
Pursuant to Fed. R. Civ. P. 12(f), a court may strike any insufficient defense or redundant, immaterial, or impertinent matter. An affirmative defense is insufficient as a matter of law if: (1) it fails to provide the plaintiff with fair notice of the defense; (2) it fails to establish the elements of an affirmative defense; or (3) it is legally invalid.

**II. PLAINTIFF'S RESPONSE TO DEFENSES**

**Defense 1: Failure to State a Claim**
Plaintiff has adequately stated claims under the FCRA. The Complaint alleges that TransUnion furnished inaccurate credit information, failed to conduct a reasonable reinvestigation after receiving notice of the dispute, and did not maintain reasonable procedures to ensure accuracy.

1

These allegations are sufficient under federal pleading standards (see *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Nonetheless, this is not a proper affirmative defense. A defense that a complaint fails to state a claim upon which relief can be granted is more properly asserted via a Rule 12(b)(6) motion, not as an affirmative defense. See *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

**Request to Strike Defense No. 1 as improper.**

**Defense Nos. 2 & 3: Truth and Reasonable Procedures**

These are denials of liability rather than true affirmative defenses. A defense that the information reported was "true" or that Defendant followed "reasonable procedures" goes to the merits and burden of proof, not to an avoidance or affirmative defense. Such denials are more appropriate in the answer, not as separate affirmative defenses.

**Request to Strike Defenses No. 2 and 3 as improper denials rather than affirmative defenses.**

**Defense 4: Statute of Limitations**

This is a proper affirmative defense, but Defendant fails to allege any facts that would support its applicability in this case, such as the date the claim accrued or why it is barred.

**Request to Strike Defense No. 4 as insufficiently pled, or in the alternative, compel a more definite statement.**

**Defense 5: Privileges**

There is no absolute or qualified privilege under the FCRA that bars Plaintiff's claims when inaccurate reporting and unreasonable reinvestigation procedures are alleged. Defendant's invocation of constitutional or common law privilege doctrines is inapposite to the statutory framework of the FCRA.

Defendant fails to articulate how the cited privileges apply to the facts of this case. References to "absolute and qualified privileges" under the FCRA, Constitution, or common law are conclusory and fail to provide Plaintiff with fair notice of the basis for the defense.

**Request to Strike Defense No. 5 as vague and conclusory.**

**Defense 6: Estoppel, Waiver, and Laches**

Defendant has not provided any factual basis supporting these equitable defenses. Plaintiff denies that any conduct or inaction supports estoppel, waiver, or laches.

This defense is insufficiently pled. Defendant fails to allege any specific conduct by Plaintiff that would support the application of equitable doctrines like estoppel, waiver, or laches.

**Request to Strike Defense No. 6 for failure to state the factual basis for the defense.**

**Defense 7: Failure to Mitigate**

Plaintiff has taken reasonable steps to mitigate damages, including submitting disputes and communications with TransUnion.

While generally cognizable as an affirmative defense to damages, Defendant fails to allege any facts indicating Plaintiff's failure to mitigate damages.

**Request to Strike Defense No. 7 as conclusory and lacking factual support.**

2

**Defenses No. 8–10: Acts of Plaintiff, Other Parties, or Non-Parties**
Plaintiff denies that any of her own acts or omissions caused the reported inaccuracies.
TransUnion, as a consumer reporting agency, had independent statutory obligations regardless of
Plaintiff's conduct.
Even if other parties contributed to the errors, TransUnion remains liable under the FCRA for
failing to ensure accuracy and reinvestigate disputes. Liability under the FCRA is not contingent
on exclusive fault.
These are improper as affirmative defenses. They are either general denials or causation
arguments. Moreover, "non-party" causation is not an affirmative defense that avoids liability.
**Request to Strike Defenses No. 8, 9, and 10 as improper or insufficiently pled.**

**Defense No. 11: Constitutional Challenge to Punitive Damages**
This is not an affirmative defense but a premature legal argument against punitive damages.
Courts routinely reject such constitutional arguments at the pleading stage.
**Request to Strike Defense No. 11 as immaterial and premature.**

**Defense No. 12 : Reservation of Rights**
A "reservation" of the right to assert additional defenses is not an affirmative defense and has no
legal effect. Defendant must seek leave to amend under Rule 15 if it later seeks to add new
defenses.
**Request to Strike Defense No. 12 as improper and legally meaningless.**

**IV. CONCLUSION**
For the foregoing reasons, Plaintiff respectfully requests that this Court enter an order striking
Defendant's Affirmative Defenses Nos. 1 through 12 in whole or in part, and granting such other
and further relief as the Court deems just and proper.

Dated: October 9, 2025

Respectfully submitted,

Plaintiff, Pro Se:

/s/ Lauren Parker
Lauren Parker
1 East Erie Street, Suite 525
Chicago, IL 60611
Lnpark3r2@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of October, 2025, I electronically filed the foregoing document with the Clerk of Court using the Court's electronic filing system, which automatically serves all counsel of record who are registered users of the system.

/s/ Lauren Parker
Lauren Parker
1 East Erie Street, Suite 525
Chicago, IL 60611
Lnpark3r2@gmail.com