



FILED
10/27/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PJJ

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

LAUREN PARKER

               Plaintiff

v.

TRANSUNION, LLC

               Defendant

Case No. 25-CV-09910
Judge: Honorable Georgia N. Alexakis

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT TRANSUNION LLC

NOW COMES the Plaintiff, Lauren Parker, appearing pro se, and respectfully moves this Court for leave to file a reply brief in further support of her Motion to Strike Defendant TransUnion LLC's Affirmative Defenses, pursuant to Local Rule 7.1, and in accordance with this Court's Standing Orders. Attached as Attachment 1 is the Proposed Reply Brief. If leave is granted, the Proposed Reply Brief may be filed immediately. Plaintiff respectfully states as follows:

1. On October 9, 2025, Plaintiff filed a Motion to Strike Affirmative Defenses of Defendant TransUnion LLC, (the "Motion") with this Court.

2. On October 22, 2025, Defendant filed an opposition to the Motion.

3. Plaintiff seeks leave to file a reply brief not to raise new arguments, but to directly address specific factual misstatements and legal contentions raised in the opposition that were not foreseeable at the time the Motion was filed.

4. Granting leave to file a reply will not prejudice any party and will aid in the fair and efficient resolution of the Motion.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court grant leave to file a reply brief in further support of the Plaintiff's Motion to Strike Affirmative Defenses of Defendant TransUnion LLC, and for such other relief as the Court deems just and proper.

Dated: October 27, 2025

Respectfully submitted,

1

Plaintiff, Pro Se:

/s/ Lauren Parker

Lauren Parker

1 East Erie Street, Suite 525

Chicago, IL 60611

Lnpark3r2@gmail.com

**Attachment 1- Proposed Reply Brief**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LAUREN PARKER | Case No. 25-CV-09910 |
| Plaintiff | Judge: Honorable Georgia N. Alexakis |
| v. | |
| TRANSUNION, LLC | |
| Defendant | |

**PLAINTIFF'S PROPOSED REPLY IN SUPPORT OF MOTION TO STRIKE**
**AFFIRMATIVE DEFENSES OF TRANSUNION LLC**

## I. INTRODUCTION

Defendant TransUnion, LLC ("TransUnion") attempts to defend its boilerplate and conclusory affirmative defenses by asserting they are "well founded in law and supported by fact," while simultaneously admitting that many lack detail and voluntarily withdrawing six of them. This partial withdrawal confirms that the challenged defenses were improperly pleaded, legally insufficient, and immaterial under Federal Rules of Civil Procedure 8(a) and 12(f).

The remaining affirmative defenses are largely formulaic, restating general legal principles without identifying any factual basis, and referencing irrelevant matters, such as Plaintiff's prior litigation. They fail to provide Plaintiff with fair notice of the factual or legal grounds for the defenses. Their inclusion prejudices Plaintiff by forcing unnecessary discovery, confusing the issues, and increasing the burden on both the parties and the Court.

Although TransUnion relies on outdated authority suggesting motions to strike are "disfavored," courts in this District recognize that striking legally insufficient, immaterial, or confusing defenses serves to narrow the issues, prevent prejudice, and promote efficiency. See Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). For these reasons, TransUnion's remaining affirmative defenses should be stricken in their entirety.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient if it fails to provide the opposing party with fair notice of the defense or is legally insufficient on its face. See Heller Fin., 883 F.2d at 1294.

4

While some courts have hesitated to apply the plausibility standard of Twombly and Iqbal to affirmative defenses, the majority of district courts in this Circuit now require at least minimal factual support showing that a defense is plausible. See, e.g., Perez v. PBI Bank, Inc., No. 1:14-cv-01429, 2015 WL 500874, at *2 (S.D. Ind. Feb. 3, 2015). Bare legal conclusions and boilerplate assertions do not satisfy this standard.

Motions to strike are "strongly favored" when defenses are insufficient, immaterial, or improperly pled. See Mescalero Sales, Inc. v. Cir. Sys., Inc., 925 F. Supp. 546, 548 (N.D. Ill. 1996). Even if courts generally disfavor striking defenses, they must be stricken if they:

1. Do not give the plaintiff fair notice of the defense;

2. Are conclusory or boilerplate; or

3. Could cause prejudice or confusion.

Here, TransUnion's remaining affirmative defenses suffer from each of these defects: they are conclusory, immaterial, factually unsupported, and prejudicial, making their removal appropriate and necessary.


## III. ARGUMENT

### A. Defendant's Withdrawal of Six Defenses Confirms They Were Improperly Pleaded

TransUnion's voluntary withdrawal of six affirmative defenses—including "failure to state a claim," "qualified privileges," "due process rights," and "reservation of rights"—demonstrates that these defenses were either legally insufficient or completely lacking factual support. This withdrawal confirms that Plaintiff's Motion to Strike was neither premature nor unnecessary, but rather a proper effort to remove immaterial, legally defective, and prejudicial defenses from the pleadings.

### B. The Remaining Defenses Are Boilerplate and Lack Factual Basis

The remaining affirmative defenses are formulaic and conclusory, merely reciting general legal principles without identifying specific facts supporting TransUnion's position. For example, defenses alleging that "Plaintiff's damages were caused by third parties" or that "TransUnion acted reasonably and in good faith" fail to identify any particular third party, act, or investigation process relied upon.

Such bare assertions do not satisfy Rule 8(a), which requires a pleading to provide fair notice of the factual or legal basis of a claim or defense. Courts in this District routinely strike affirmative defenses that are unsupported by specific factual allegations. See Renalds v. S.R.G. Rest. Grp., 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (striking defenses that were "nothing more than bare bones conclusory allegations").

### C. Plaintiff Is Prejudiced by the Inclusion of Unsupported Defenses

TransUnion asserts that Plaintiff cannot demonstrate prejudice. This is incorrect. Plaintiff is prejudiced because the inclusion of vague, unsupported defenses forces unnecessary discovery,

complicates issue identification, and requires Plaintiff to speculate as to Defendant's theory of defense. Allowing boilerplate defenses to remain undermines the notice function of Rule 8(a) and increases the burden on both the parties and the Court.

**D. References to Prior Litigation Are Irrelevant and Prejudicial**
TransUnion references Plaintiff's prior Fair Credit Reporting Act ("FCRA") litigation in an apparent attempt to cast doubt on Plaintiff's claims. Those prior cases either were resolved in Plaintiff's favor or did not involve TransUnion and therefore have no bearing on the legal sufficiency of the affirmative defenses at issue here. Their inclusion is irrelevant, potentially misleading, and serves only to prejudice Plaintiff and distract the Court from the merits of this Motion.

**E. Striking the Remaining Affirmative Defenses Promotes Judicial Efficiency**
Striking insufficient defenses streamlines the litigation, focuses discovery, and avoids needless dispute over immaterial matters. Courts in this District recognize that motions to strike are "strongly favored" when defenses are conclusory, immaterial, or prejudicial. See Mescalero Sales, Inc. v. Cir. Sys., Inc., 925 F. Supp. 546, 548 (N.D. Ill. 1996). Because TransUnion's remaining defenses are conclusory, unsupported, and confusing, striking them fully is appropriate and necessary.

**1. Plaintiff's Reply to Defense No. 1: Failure to State a Claim – Withdrawal Acknowledged**
Plaintiff notes that TransUnion has withdrawn its defense that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff respectfully acknowledges this withdrawal and continues to assert that her claims are valid, as fully supported by the allegations in the Complaint. This withdrawal has no effect on any other defenses asserted by Defendant or on any rights of the parties in this case.

**2. Plaintiff's Reply to Defense No. 2: TransUnion's Reports Concerning Plaintiff Were True or Substantially True; and**
**3. Plaintiff's Reply to Defense No. 3: TransUnion Has at All Times Followed Reasonable Procedures to Assure Maximum Possible Accuracy of Its Credit Reports Concerning Plaintiff**

Defenses Nos. 2 and 3 are improper affirmative defenses and should be stricken. By definition, an affirmative defense must admit the allegations in the complaint and then assert new matter that avoids liability. Defendant's assertions that its reports were "true or substantially true" and that it "followed reasonable procedures" do not raise new matter—they merely go to the merits of Plaintiff's claims and attempt to rebut her allegations. Such assertions properly belong in the Answer, not as separate affirmative defenses.

Courts in this and other districts have repeatedly held similar defenses to be improper affirmative defenses and have struck them accordingly. See, e.g.:

- *Malibu Media, LLC v. Doe*, No. 15 C 4924, 2016 WL 5478433, at *2 (N.D. Ill. Sept. 29, 2016) (striking defenses that were "simply denials of liability");

6

- *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2011 WL 2470631, at *2 (N.D. Ill. June 20, 2011) (same).

Defendant's reliance on *Fahey v. Experian Info. Sols., Inc.*, 571 F. Supp. 2d 1082 (E.D. Mo. 2008), and *Sarver v. Experian Info. Sols.*, 390 F.3d 969 (7th Cir. 2004), is misplaced. Those cases address the substantive burden of proof in FCRA claims, not the procedural question of whether such defenses are properly pled as affirmative defenses.

Under the FCRA, the burden is on Plaintiff to prove that the information reported was inaccurate and that Defendant failed to follow reasonable procedures to ensure maximum possible accuracy or failed to reinvestigate a dispute. Defendant's statements are therefore rebuttals to Plaintiff's allegations, not independent affirmative defenses.

**Request:** Accordingly, Plaintiff respectfully renews her request that the Court strike Affirmative Defenses Nos. 2 and 3 in their entirety pursuant to Federal Rule of Civil Procedure 12(f).

### 4. Plaintiff's Reply to Defense No. 4: Statute of Limitations

Plaintiff denies that her claims under the FCRA are barred, in whole or in part, by the statute of limitations. The FCRA imposes a limitations period of the earlier of (1) two years from the date the plaintiff discovered the violation, or (2) five years from the date of the violation. See 15 USC § 1681p. Defendant's argument mischaracterizes both the nature of the violations and the timeline of events.

Contrary to Defendant's assertion, each failure to conduct a reasonable reinvestigation, and each continued furnishing of inaccurate information after notice of a dispute, constitutes a distinct FCRA violation. Courts have repeatedly held that such repeated or continuing violations give rise to separate causes of action. See, e.g., *Broccuto v. Experian Info. Sols., Inc.*, 2008 WL 1969222, at *1 (E.D. Va. May 6, 2008); *Aldaco v. RentGrow, Inc.*, No. 18 C 1354, 2018 WL 3424432, at *4 (N.D. Ill. July 13, 2018).

As stated in the Complaint, Plaintiff submitted multiple written disputes to Defendant, the most recent occurring in June 2025. Despite these disputes, Defendant repeatedly failed to conduct reasonable reinvestigations or to correct the inaccurate information, causing Plaintiff ongoing harm. In particular, Capital One reported a "last made payment" dated December 5, 2023—a payment Plaintiff never made—reflecting a new inaccuracy that arose after her 2021 disputes. These continuing failures and inaccuracies occurred well within the Fair Credit Reporting Act's two-year discovery period.

**Request:** In light of the foregoing, Plaintiff hereby renews her request that the Court strike Defendant's Fourth Affirmative Defense under Federal Rule of Civil Procedure 12(f) because Plaintiff's claims are timely and based on ongoing FCRA violations occurring within the applicable limitations period.

### 5. Plaintiff's Reply to Defense No. 5: Privileges – Withdrawal Acknowledged

Plaintiff notes that TransUnion has withdrawn its defense asserting that it acted within any absolute or qualified privileges under the FCRA, the United States Constitution, applicable state constitutions, and common law. Plaintiff respectfully acknowledges this withdrawal and

continues to assert that her claims are fully supported by the allegations in the Complaint. This withdrawal has no effect on any other defenses asserted by Defendant or on any rights of the parties in this case.

**6. Plaintiff's Reply to Defense No. 6: Estoppel, Waiver, and Laches**
Plaintiff denies that her claims are barred by estoppel, waiver, or laches. While these equitable defenses may, in limited circumstances, be raised, they are appropriate only where the defendant can demonstrate affirmative misconduct by the plaintiff, a knowing and intentional relinquishment of rights, or undue prejudice caused by unreasonable delay.

Defendant fails to allege any such facts here. Its reliance on *Kundmueller v. Pentagon Fed. Credit Union*, 2021 WL 4806733 (W.D.N.C. Oct. 14, 2021), is misplaced, as that case involved a plaintiff who knowingly exploited a payment deferral policy—conduct not remotely analogous to this matter. Plaintiff has not misrepresented, concealed, or manipulated her obligations, nor has she waived any statutory rights under the FCRA.

Moreover, the equitable doctrines of laches and waiver are inapplicable where, as here, the statute of limitations expressly governs the timeliness of claims under 15 USC § 1681p. See *BDO Seidman v. Hirshberg*, 93 F.3d 421, 426 (7th Cir. 1996) ("Where Congress has provided a statute of limitations, equitable doctrines like laches should not be used to override it.").

Defendant's suggestion that Plaintiff's claims are barred because she filed earlier FCRA lawsuits is factually and legally unsupported. Those prior actions were brought against different parties and concerned separate credit reporting issues. They could not have encompassed the distinct violations and separate furnishers involved in this case. Indeed, as stated in the Complaint, Capital One is currently reporting a "last made payment" dated December 5, 2023—an inaccuracy that occurred after Plaintiff's 2021 and 2022 disputes and which she never made. This continued misreporting underscores that Defendant's alleged violations are ongoing and independent of any earlier litigation.

Finally, Defendant has failed to identify any prejudice resulting from Plaintiff's conduct or timing. Without such a showing, equitable defenses such as estoppel, waiver, and laches fail as a matter of law.

**Request:** In light of the foregoing, Plaintiff hereby renews her request that the Court strike Affirmative Defense No. 6 pursuant to Federal Rule of Civil Procedure 12(f), as Defendant's assertions of estoppel, waiver, and laches are factually unsupported, legally inapposite under the FCRA, and immaterial to the issues before the Court.

**7. Plaintiff's Reply to Defense No. 7: Failure to Mitigate; and**
**8. Plaintiff's Reply to Defense No. 8: Plaintiff's Own Conduct**
Plaintiff denies that her claims are barred or limited by any alleged failure to mitigate damages or by Plaintiff's own conduct. Failure to mitigate is not a defense to liability under the FCRA but may only relate to the measure of damages. Defendant has pled no specific facts supporting this defense. To the contrary, Plaintiff actively disputed the inaccuracies in her credit report multiple

times over several years, demonstrating diligence and good faith efforts to resolve the reporting errors.

Defendant's speculative assertions regarding Plaintiff's conduct—such as purportedly failing to return paperwork or having an excessive number of credit inquiries—are unsupported by any factual allegations and are irrelevant to the issues in this case. Such conjecture does not constitute a valid affirmative defense. Defendant's contention that Plaintiff caused her own damages is an improper attempt to shift responsibility for its own statutory violations. Under *Sarver v. Experian Info. Sols.*, 390 F.3d 969 (7th Cir. 2004), a consumer reporting agency's duty to employ reasonable procedures to assure maximum possible accuracy exists regardless of the consumer's credit history or personal behavior.

**Request:** In light of the foregoing, Plaintiff hereby renews her request that the Court strike Affirmative Defenses Nos. 7 and 8 pursuant to Federal Rule of Civil Procedure 12(f), as they are legally insufficient, devoid of factual support, and immaterial to Plaintiff's FCRA claims.

**9. Plaintiff's Reply to Defense No. 9: Acts of Other Parties – Withdrawal Acknowledged**
Plaintiff notes that TransUnion has withdrawn its defense asserting that any alleged damages were the result of acts or omissions by other parties over whom TransUnion has no responsibility or control. Plaintiff respectfully acknowledges this withdrawal and continues to assert that her claims are fully supported by the allegations in the Complaint. This withdrawal has no effect on any other defenses asserted by Defendant or on any rights of the parties in this case.

**10. Plaintiff's Reply to Defense No. 10: Acts of Non-Parties – Withdrawal Acknowledged**
Plaintiff notes that TransUnion has withdrawn its defense asserting that any alleged damages were caused by acts or omissions of non-parties over whom TransUnion has no responsibility or control. Plaintiff respectfully acknowledges this withdrawal and continues to assert that her claims are fully supported by the allegations in the Complaint. This withdrawal has no effect on any other defenses asserted by Defendant or on any rights of the parties in this case.

**11. Plaintiff's Reply to Defense No. 11: Constitutional Challenge to Punitive Damages – Withdrawal Acknowledged**
Plaintiff notes that TransUnion has withdrawn its defense asserting that any claim for exemplary or punitive damages violates its rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the analogous provisions of applicable state constitutions and the First Amendment. Plaintiff respectfully acknowledges this withdrawal and continues to assert that her claims for damages are fully supported by the allegations in the Complaint. This withdrawal has no effect on any other defenses asserted by Defendant or on any rights of the parties in this case.

**12. Plaintiff's Reply to Defense No. 12: Reservation of Rights – Withdrawal Acknowledged**
Plaintiff notes that TransUnion has withdrawn its reservation of the right to assert additional defenses that may become apparent through further investigation or discovery. Plaintiff respectfully acknowledges this withdrawal and continues to assert her claims as pled. This withdrawal has no effect on any other defenses asserted by Defendant or on any rights of the parties in this case.

**F. Plaintiff Has Been Prejudiced by the Remaining Affirmative Defenses**

Plaintiff respectfully disagrees with TransUnion's assertion that she has not been prejudiced by its affirmative defenses. Even if some facts overlap with elements of her claims, the remaining defenses are vague and conclusory, providing insufficient detail to give Plaintiff fair notice of the factual and legal basis for each defense. This lack of specificity forces Plaintiff to speculate about TransUnion's theories, which constitutes the very prejudice that Rule 12(f) is designed to prevent.

The withdrawal of certain defenses does not cure the deficiencies of the remaining defenses. While TransUnion asserts that no additional discovery is required, Plaintiff cannot be expected to respond to defenses that fail to articulate their factual or legal foundation. For these reasons, Plaintiff's Motion to Strike should be granted to ensure that the pleadings clearly define the issues in this case.

**IV. CONCLUSION**

For the foregoing reasons, and as detailed in Plaintiff's initial Motion, Plaintiff respectfully requests that this Court grant the Motion to Strike TransUnion's Affirmative Defenses in their entirety pursuant to Federal Rule of Civil Procedure 12(f). In the alternative, Plaintiff requests that the Court order Defendant to replead any remaining defenses with sufficient factual detail to satisfy Rule 8(a).

Dated: October 27, 2025

Respectfully submitted,

Plaintiff, Pro Se:

/s/ Lauren Parker

Lauren Parker

1 East Erie Street, Suite 525

Chicago, IL 60611

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October, 2025, I electronically filed the foregoing document with the Clerk of Court using the Court's electronic filing system, which automatically serves all counsel of record who are registered users of the system. In addition, notice of this filing was sent via email to counsel of record, Scott E. Brady, at sbrady@qslwm.com.


/s/ Lauren Parker

Lauren Parker

1 East Erie Street, Suite 525

Chicago, IL 60611

Lnpark3r2@gmail.com