

**FILED**
11/4/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| LAUREN PARKER <br><br> Plaintiff <br><br> v. <br><br> TRANSUNION, LLC <br><br> Defendant | Case No. 25-CV-09910 <br> Judge: Honorable Georgia N. Alexakis |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE AFFIRMATIVE DEFENSES OF TRANSUNION LLC**

**I. INTRODUCTION**

Defendant TransUnion, LLC ("TransUnion") asserts that its affirmative defenses are "well-founded." Yet its withdrawal of six defenses implicitly concedes their legal insufficiency under Rules 8(a) and 12(f). The remaining defenses (Nos. 2–8) provide no factual basis, are conclusory, and fail to give Plaintiff fair notice, rendering them legally insufficient.

Plaintiff has previously litigated Fair Credit Reporting Act ("FCRA") claims against other credit reporting agencies. Notably, the only prior case involving TransUnion was in connection with Midland Credit Management. In that case, claims against TransUnion were dismissed on procedural grounds, not on the merits. The Midland tradeline was later deleted through a settlement with the furnisher, confirming the inaccuracy of the reported information.

Plaintiff further notes that one of the attorneys representing TransUnion in this matter also represented TransUnion in prior FCRA litigation. In the current pleadings, including the court heading, the Defendant is consistently referred to as "Trans Union" rather than "TransUnion," reflecting the use of standard templates and limited review. See *Parker v. TransUnion, LLC*, Case No. 1:22-cv-01731 (N.D. Ill. 2022).

TransUnion's references to prior FCRA litigation are misleading. None of the cited cases resolved claims against TransUnion on the merits, and some involved different parties or reporting issues. These prior actions are relevant only to demonstrate a pattern of persistent reporting errors affecting Plaintiff's credit, not to discredit her claims.

**II. STANDARD**

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While

1

Rule 12(f) provides the process for doing this, the legal sufficiency of a defense is governed by Rule 8(a), which requires that a pleading give fair notice of the claims or defenses asserted. A defense may be stricken under Rule 12(f) if it is legally insufficient under Rule 8(a), merely conclusory, or factually unsupported.

A defense is insufficient if it fails to provide fair notice or is legally deficient on its face. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). While motions to strike are generally disfavored, courts routinely grant them when affirmative defenses are conclusory, immaterial, or fail to provide fair notice. See *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802–03 (N.D. Ill. 2000). Courts regularly strike defenses that (1) fail to give fair notice, (2) merely recite legal conclusions, or (3) would cause prejudice or confusion. TransUnion's remaining defenses meet all three criteria.

## III. ARGUMENT

### A. Withdrawals Confirm Improper Pleading; Remaining Defenses Lack Factual Basis

TransUnion's withdrawal of six affirmative defenses—including "failure to state a claim," "qualified privileges," and "reservation of rights"—demonstrates their legal insufficiency. The remaining defenses—such as TransUnion acted "reasonably and in good faith" or that Plaintiff "failed to mitigate damages"—are conclusory, identify no supporting facts, investigations, or entities, and therefore fail to satisfy the pleading requirements of Rule 8(a).

As in *Renalds*, where the court struck similarly vague defenses that merely recited legal conclusions, TransUnion's defenses provide no factual basis and fail to identify any acts or entities supporting their assertions.

### B. References to Prior Litigation Are Irrelevant

TransUnion references Plaintiff's prior FCRA litigation to challenge her credibility. All prior actions—except one involving Capital One—were resolved in Plaintiff's favor. The Capital One matter, which did not involve TransUnion, was dismissed on purported grounds of failure to state a claim—grounds based on representations by defense counsel that Plaintiff later discovered were inaccurate.

None of the prior cases resolved any claim against TransUnion on the merits, and subsequent corrections to Plaintiff's credit reports demonstrate the continuation of reporting errors. The Midland Credit Management case, dismissed against TransUnion for procedural reasons, does not preclude Plaintiff's current claims.

While TransUnion was not involved in the Capital One case or the Midland settlement, those matters remain relevant only to show the persistence of reporting errors and a broader pattern of FCRA violations affecting Plaintiff's credit. Any attempt to use these prior cases to discredit Plaintiff or suggest that her claims lack merit is both misleading and prejudicial. Under Federal Rules of Evidence 402 and 403, the Court should disregard such references.

**C. Remaining Defenses Are Factually Unsupported and Prejudicial**

**1. Defenses Nos. 1, 5, and 9–12 – Withdrawals Acknowledged**

Plaintiff acknowledges TransUnion's withdrawal of these defenses and maintains her claims as pled.

**2. Plaintiff's Reply to Defense Nos. 2–3: Truth and Reasonable Procedures**

Defendant's assertion that Plaintiff "does not understand" her dispute and that TransUnion "has at all times followed reasonable procedures" misstates both the facts and the law. TransUnion has repeatedly reported inaccurate tradelines and payment histories, including incorrect balances and statuses on closed accounts. These errors directly undermine any claim that TransUnion's procedures were reasonable.

Plaintiff fully understands that her claim concerns multiple inaccuracies, including:

• *Capital One*: TransUnion reported a "last made payment" of December 5, 2023, on a closed account—a payment that was never made, despite repeated disputes in 2021 and 2022 for other ongoing inaccuracies.
• *Merrick Bank*: Documentation confirms the balance was $0 at charge-off, directly contradicting TransUnion's reporting. (See Complaint, Ex. B.)
• *Santander*: A charged-off account contained inaccurate derogatory information and was deleted only after multiple disputes.

TransUnion's 'truth' defense misinterprets the FCRA. The statute requires consumer reporting agencies to maintain reasonable procedures to ensure maximum possible accuracy, not merely to report information that is literally true. TransUnion's reliance on *Fahey v. Experian Info. Sols., Inc.*, 571 F. Supp. 2d 1082, 1086 (E.D. Mo. 2008); *Sarver v. Experian Info. Sols., Inc.*, 390 F.3d 969, 972 (7th Cir. 2004) is misplaced because those cases involved accurate reporting. In this case, repeated inaccuracies and failed reinvestigations demonstrate that TransUnion's procedures were unreasonable and fall short of the FCRA's requirements.

Moreover, a defense that merely negates an element of Plaintiff's prima facie case is not a true affirmative defense. See *Malibu Media, LLC v. Doe*, No. 15-C-4924, 2016 WL 5478433, at *2 (N.D. Ill. Sept. 29, 2016).

**3. Plaintiff's Reply to Defense No. 4: Statute of Limitations**

Plaintiff denies that her claims are barred. Under 15 USC § 1681p, an action may be brought within the earlier of: (1) two years from discovery of the violation, or (2) five years from the violation. Each reinvestigation failure and each continued publication of inaccurate information constitutes a distinct and timely violation under §1681p. See *Broccuto v. Experian Info. Sols., Inc.*, No. 08-cv-1595, 2008 WL 1969222, at *1 (E.D. Va. May 2, 2008); *Aldaco v. RentGrow, Inc.,* No. 18 C 1354, 2018 WL 3424432, at *4 (N.D. Ill. July 13, 2018).

Multiple disputes, most recently in June 2025, show ongoing inaccuracies, including the Capital One misreporting. Each continued misreporting is a new FCRA violation within the limitations period.

### 4. Plaintiff's Reply to Defense No. 6: Estoppel, Waiver, and Laches

Equitable defenses, such as estoppel, waiver and laches, require affirmative misconduct, knowing relinquishment of rights, or undue prejudice. TransUnion alleges none. Prior FCRA lawsuits involved different parties and reporting issues and do not bar Plaintiff's current claims.

Defendant's reliance on *Kundmueller v. Pentagon Fed. Credit Union*, No. 5:20-CV-525, 2021 WL 4806733, at *3 (W.D.N.C. Oct. 14, 2021), is misplaced. Plaintiff has not misrepresented, concealed, or manipulated her obligations, nor waived any statutory rights under the FCRA. Similarly, estoppel is inapplicable because Plaintiff has not engaged in any conduct that would mislead TransUnion to its detriment or cause it to reasonably rely on such conduct.

Laches and waiver are likewise inapplicable where a statute of limitations governs timeliness. See *BDO Seidman v. Hirshberg*, 93 F.3d 421, 426 (7th Cir. 1996) ("Where Congress has provided a statute of limitations, equitable doctrines like laches should not be used to override it.").

### 5. Plaintiff's Reply to Defense Nos. 7-8: Failure to Mitigate and Plaintiff's Conduct

Plaintiff denies that her claims are barred or limited by any alleged failure to mitigate damages or by her conduct. Failure to mitigate is irrelevant to FCRA liability. See *Taylor v. CoreLogic Credco, LLC*, No. 2:12-cv-02759, 2013 WL 4774760, at *4 (E.D. Cal. Sept. 4, 2013) (rejecting failure-to-mitigate defense in FCRA action). Plaintiff repeatedly disputed inaccuracies in good faith, yet TransUnion continued to report incorrect information.

Defendant's speculative claims—such as failing to return paperwork or having excessive inquiries—are unsupported and irrelevant. The inquiries that contributed to credit denials were improper, lacked a permissible purpose, and were later removed under 15 USC §§ 1681b(f) and 1602(p). Defendant cannot shift responsibility for its own statutory violations. As held in *Sarver*, a consumer reporting agency must employ reasonable procedures to ensure maximum possible accuracy, regardless of a consumer's credit history or conduct.

**Plaintiff therefore renews her request to strike Affirmative Defenses Nos. 2–8 as factually unsupported and legally insufficient.**

### D. Plaintiff Has Been Prejudiced by the Remaining Affirmative Defenses

The remaining defenses are vague, conclusory, and fail to provide any factual basis as required by Rules 8(a) and 12(f). By forcing Plaintiff to speculate about TransUnion's theories, these defenses impose undue burdens on discovery and trial preparation—creating the very prejudice Rule 12(f) is designed to prevent.

Striking the defenses will prevent TransUnion from shifting responsibility for its statutory violations onto Plaintiff without factual support and will streamline discovery and

trial preparation. As noted in *Heller*, courts routinely strike defenses that are vague or conclusory because they prejudice the opposing party.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike TransUnion's remaining Affirmative Defenses (Nos. 2–8) as legally and factually insufficient under Federal Rule of Civil Procedure 12(f). Striking these defenses will prevent prejudice, streamline discovery, and allow this case to proceed on properly framed issues consistent with the requirements of Rules 8(a) and 12(f).

Respectfully submitted,

Plaintiff, Pro Se:

/s/ Lauren Parker

Lauren Parker

1 East Erie Street, Suite 525

Chicago, IL 60611

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2025, I electronically filed the foregoing document with the Clerk of Court using the Court's electronic filing system, which automatically serves all counsel of record who are registered users of the system. In addition, notice of this filing was sent via email to counsel of record, Scott E. Brady, at sbrady@qslwm.com.

/s/ Lauren Parker

Lauren Parker

1 East Erie Street, Suite 525

Chicago, IL 60611

Lnpark3r2@gmail.com