UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS (CHICAGO)

| | |
|---|---|
| LAUREN PARKER,<br>    Plaintiff,<br><br> v.<br><br>TRANS UNION, LLC,<br>    Defendant. | CASE NO. 1:25-cv-09910<br><br>Judge Georgia N. Alexakis |

**TRANS UNION LLC'S FIRST AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Pursuant to the Court's Order dated November 18, 2025 [Dkt. No. 23], Trans Union LLC ("Trans Union"), by counsel, submits this First Amended Answer and Defenses to Plaintiff's Complaint (the "Complaint"). For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff LAUREN PARKER as and for her Complaint respectfully alleges as follows:

**INTRODUCTION**

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive damages against defendant TRANSUNION, LLC ("TransUnion") for violations of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681 et seq.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union. Trans Union denies that it violated the FCRA (or any other law).

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 USC §1681p, 28 USC §1331, and 28 USC §1337(a).

**ANSWER**: Trans Union admits the allegations contained in this paragraph.

3. Venue is proper in this Court pursuant to 28 USC §1391(b)(2).

**ANSWER**: Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4. Venue is proper in this District. Plaintiff is a natural person that resides in Chicago, Illinois, the violations described in this complaint occurred in this District, and the Defendant transacts business within this district.

**ANSWER**: Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

5. Plaintiff Lauren Parker is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family or household purposes.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6. Plaintiff is a "consumer" as that term is defined by FCRA 15 USC §1681a(b) and (c).

**ANSWER**: Trans Union admits the allegations contained in this paragraph.

7.      Defendant TransUnion LLC is a credit reporting agency, as defined in 15 USC 1681a(f). Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d), to third parties. TransUnion can be served through its registered agent, Prentice Hall Corporation, at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER**:    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

8.      Upon information and belief, TransUnion disburses consumer reports to third parties under contract for monetary compensation.

**ANSWER**:    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, but because this allegation does not identify any particular consumer report, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## FACTUAL ALLEGATIONS

10. On multiple occasions; including June 14, 2021, August 2, 2021, September 2, 2021 and April 1, 2022, Plaintiff sent written disputes via certified mail to TransUnion disputing the completeness and/or accuracy of the following tradelines: (1) AES; (2) Capital One 517805849519****; (3) Capital One517805773548****; (4) Fair Collections & Outsourcing; (5) Merrick Bank; (6) Midland Credit Management; (7) Navy Federal Credit Union 500001403216000685****; (8) Navy Federal Credit Union 4300153554****; (9) Santander (Exhibit A)

**ANSWER**: Trans Union states that Exhibit A speaks for itself. Trans Union admits that it received correspondence purportedly from Plaintiff requesting reinvestigations of numerous accounts within Plaintiff's credit file on or about July 17, 2021, August 10, 2021, December 27, 2021, January 9, 2022, February 25, 2022, March 13, 2022, March 24, 2022, March 25, 2022, March 28, 2022, April 6, 2022, June 13, 2022, September 12, 2022, August 3, 2024, August 5, 2024, and July 2, 2025. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11. TransUnion failed to verify, investigate and/or reinvestigate the aforementioned accounts and subsequently when Plaintiff disputed Fair Collections & Outsourcing, Midland Credit Management and Santander directly with the companies Fair Collections & Outsourcing, Midland Credit Management and Santander deleted the accounts. (Exhibit B)

**ANSWER**: Trans Union states that Exhibit B speaks for itself. Trans Union denies the allegations contained in this paragraph.

12. On or about May 2025, Plaintiff obtained a copy of her consumer report and discovered incomplete and inaccurate information furnished by Defendant as follows:

    a. Defendant TransUnion is reporting inaccurate and/or incomplete information regarding the accounts furnished by the following: (1) Capital One 517805773548****; (2) Dept of Ed/AIDVANTAGE 93742780941E0022015110524****; (3) Merrick Bank; (4) Navy Federal Credit Union.

**ANSWER**: Trans Union denies that it reported any incomplete or inaccurate information regarding the accounts referenced in the allegations of this paragraph.

13. On or about June 26, 2025, Plaintiff sent an Affidavit via certified mail to Defendant TransUnion disputing the completeness and/or accuracy of the aforementioned tradelines, highlighting the inaccuracies, and informing TransUnion of her intent to sue if they did not cease their reporting of the false information. (Exhibit C)

**ANSWER**: Trans Union states that Exhibit C speaks for itself. Trans Union states that it received correspondence purportedly from Plaintiff requesting a reinvestigation of four accounts within Plaintiff's credit file on or about July 17, 2025.

14. On or about July 27, 2025, Plaintiff obtained a copy of her dispute results and discovered incomplete and inaccurate information furnished by Defendant TransUnion as follows: a. Defendant TransUnion is reporting inaccurate and/or incomplete information regarding the accounts furnished by the following: (1) Capital One; (2) Dept of Ed/AIDVANTAGE; (3) Merrick Bank (4) Navy Federal Credit Union (Exhibit B)

**ANSWER**: Trans Union states that Exhibit B speaks for itself. Trans Union denies that it reported any incomplete or inaccurate information regarding the accounts referenced in the allegations of this paragraph.

15. Plaintiff noticed that despite her disputes, the alleged tradelines were still being reported inaccurately and/or incompletely on her consumer report.

**ANSWER**: Trans Union denies that it reported any incomplete or inaccurate information regarding the accounts referenced in the allegations of this paragraph.

16. TransUnion is reporting inconsistent and conflicting data regarding Capital One account number 517805773548****, including reporting a last made payment on 12/05/2023, when the account was reported closed 09/01/2021. Upon information and belief a payment was not made to Capital One after the account was closed. Plaintiff has reason to believe a payment was reported in order to re-age the account. Furthermore, if a payment was made on 12/05/2023 then a reported high balance of $2,126 a charge-off amount of $2,126, and a remaining balance of $2,126 would be mathematically and legally impossible. (Exhibit B)

**ANSWER**: Trans Union states that Exhibit B speaks for itself. Trans Union denies that it reported any incomplete or inaccurate information regarding the account referenced in the allegations of this paragraph.

17. TransUnion has not reported that Merrick Bank account was disputed. TransUnion is reporting that the last Merrick Bank payment was made on 8/13/2019 in the amount of $0, which is verifiably inaccurate, misleading and harmful to Plaintiff. (Exhibit B)

**ANSWER**: Trans Union states that Exhibit B speaks for itself. Trans Union denies that it reported any incomplete or inaccurate information regarding the account referenced in the allegations of this paragraph.

18. TransUnion is reporting the Merrick Bank account was closed on 1/28/2020 and the balance is $1069. Merrick Bank sent a statement to Plaintiff on several occasions during regular

business and upon Plaintiff's request reporting New Balance $0.00, Past Due Amount $0.00, and Minimum Amount Due $0.00 as of 3/31/2020. (Exhibit B)

**ANSWER**: Trans Union states that Exhibit B speaks for itself. Trans Union denies that it reported any incomplete or inaccurate information regarding the account referenced in the allegations of this paragraph.

19. TransUnion is reporting Navy Federal Credit Union account 500001403216000685**** being closed 02/17/2020 and last payment received on 11/20/2020 in the amount of $0, which is verifiably inaccurate, misleading and harmful to Plaintiff. (Exhibit B)

**ANSWER**: Trans Union states that Exhibit B speaks for itself. Trans Union denies that it reported any incomplete or inaccurate information regarding the account referenced in the allegations of this paragraph.

20. TransUnion is reporting Navy Federal Credit Union account 4300153554**** as having a late payment. Plaintiff was never late and provided all payments for the Secured transaction.

**ANSWER**: Trans Union denies that it reported any incomplete or inaccurate information regarding the account referenced in the allegations of this paragraph.

21. TransUnion also failed to remove unrelated personal identifiers from Plaintiffs file, despite multiple written disputes.

**ANSWER**: Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22. The FCRA demands of CRAs that they utilize reasonable procedures to assure maximum possible accuracy of information they report. 15 USC § 1681e(b).

**ANSWER**: Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

23. When a consumer disputes an item of information, the agency must investigate the dispute and, if the information cannot be verified, delete it. 15 USC § 1681i.

**ANSWER**: Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

24. Also, when a consumer disputes the accuracy of information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

**ANSWER**: Trans Union states that the cited provision of the FCRA speaks for itself. To the extent Plaintiff misquotes or mischaracterizes the requirements set forth therein, Trans Union denies the allegations as stated.

25. Despite multiple disputes, Defendant TransUnion has failed to conduct a reasonable reinvestigation and continues to report inaccurate, incomplete, and unverifiable information, in direct violation of 15 U.S.C. §§ 1681e(b) and 1681i(a).

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

26. In or around November 2022, Plaintiff applied for car financing, which was subsequently denied.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27. The denial letter informed Plaintiff the denial was based upon delinquent past or present credit obligations with others.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28. The denial letter further stated the credit decision was based on information obtained from consumer reporting agencies including Defendant TransUnion. (Exhibit D)

**ANSWER**: Trans Union states that Exhibit D speaks for itself. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29. Plaintiff has received several denial letters since then based on the same factors.

**ANSWER**: Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

30. As a result of the actions and inactions of the Defendant, Plaintiff suffered damages, including but not limited to being denied credit or being granted credit with a much higher interest rate, severe humiliation, emotional distress, frustration, anxiety and mental anguish.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## FIRST CLAIM FOR RELIEF
## 15 USC § 1681e(b)

31. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

32. Defendant TransUnion violated 15 USC § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy when preparing a consumer report purportedly concerning Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

33. Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

34. At all times alleged herein, Defendant TransUnion acted negligently and/or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

35. Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## SECOND CLAIM FOR RELIEF
## 15 USC § 1681g

36. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

37. Defendant TransUnion has failed to comply with the requirement in 15 USC § 1681g to provide a full file disclosure to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

38. Defendant TransUnion has caused injury in fact, by causing, among other effects mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

39. Defendant TransUnion has done so either negligently or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

40. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

41. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 USC § 1681n.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## THIRD CLAIM FOR RELIEF
## 15 USC § 1681i(a)(2)

42. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

43. Defendant TransUnion has failed to comply with the reinvestigation requirements in 15 USC § 1681i.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

44. Defendant TransUnion has violated 15 USC § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

45. TransUnion's failure obstructed the proper handling of Plaintiff's dispute and prevented a fair reinvestigation.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

46. Defendant TransUnion has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

47. Defendant TransUnion has done so either negligently or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

48. Plaintiff is entitled to actual damages, punitive damages, and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

49. Alternatively, Plaintiff is entitled to actual damages, and costs if the violation is negligent, pursuant to 15 USC § 1681n.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## FOURTH CLAIM FOR RELIEF
## 15 USC § 1681i(a)(4)

50. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

51. Defendant TransUnion has violated 15 USC § 1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

52. Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

53. At all times alleged herein, Defendant TransUnion acted negligently and/or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

54. Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

### FIFTH CLAIM FOR RELIEF
### 15 USC § 1681i(a)(5)

55. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

56. Defendant TransUnion violated 15 USC § 1681i(a)(5) because they (i) failed to reinvestigate the inaccurate tradelines on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify the furnishers of information that the information was deleted from Defendant's file of Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

57. Defendant TransUnion violated 15 USC § 1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

58. Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

59. At all times alleged herein, Defendant TransUnion acted negligently and/or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

60. Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## SIXTH CLAIM FOR RELIEF
## 15 USC § 16811(a)(6)(B)(iii)

61. Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**: Trans Union reasserts its answers and responses set forth herein.

62. Defendant TransUnion has violated 15 USC § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

63. Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

64. At all times alleged herein, Defendant TransUnion acted negligently and/or willfully.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

65. Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**: Trans Union denies the allegations contained in this paragraph.

## SEVENTH CLAIM FOR RELIEF
## 15 USC § 1681i(7)

66.   Plaintiff re-alleges and reincorporates all previous paragraphs as it fully set out herein.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

67.   Defendant TransUnion has violated 15 USC § 1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

68.   Defendant TransUnion has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

69.   Defendant TransUnion acted negligently and/or willfully.

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

70.   Defendant TransUnion is liable to Plaintiff for actual damages, punitive damages, attorney's fees and costs pursuant to 15 USC § 1681n and actual damages, attorney's fees and costs pursuant to 15 USC § 1681o.

**ANSWER**:   Trans Union denies the allegations contained in this paragraph.

### JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAUREN PARKER, respectfully requests a jury trial and that this Honorable Court enter judgement in favor of Plaintiff and against Defendant as follows:

      a.    An order directing TransUnion to immediately delete all inaccurate information from Plaintiff's credit reports and credit files;

      b.    Actual or statutory damages pursuant to 15 USC § 168 ln(a)(1)(A);

      c.      Actual damages pursuant to 15 USC § 1681o(a)(1);

      d.      Costs and attorney's fees pursuant to 15 USC § 168 ln(a)(3) and 15 USC § 1681 o(b);

      e.      For such other and further relief as the Court may deem just and proper.

**ANSWER**: Trans Union denies that Plaintiff is entitled to any damages, costs, fees, or other relief from or against Trans Union.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. Pursuant to the FCRA, an action to enforce liability under any of the FCRA's provisions must be brought "not later than the earlier of—(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p. Plaintiff alleges that she discovered the inaccurate reporting in 2021 and started disputing with Trans Union at that time. *See* Complaint ¶ 10 ("On multiple occasions; including June 14, 2021, August 2, 2021, September 2, 2021 and April 1, 2022, Plaintiff sent written disputes via certified mail to Trans Union disputing the completeness and/or accuracy of the [subject] tradelines."). Although Plaintiff alleges that she disputed again in June 2025, her claims are precluded at least in part (if not entirely) by the FCRA's applicable two-year statute of limitations because she discovered the alleged inaccurate reporting more than four years ago. Additionally, the majority of Plaintiff's alleged credit denials occurred more than two years before Plaintiff's filing of the Complaint. To the

extent that any prospective creditor's decision was based on a consumer report prepared by Trans Union, Plaintiff would have discovered these facts upon receipt of the creditor's decision denying her application for credit.

2. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches. Among other things, if Plaintiff knowingly took any actions to manipulate her obligations on the underlying debts in a way that resulted in any inaccurate reporting (i.e. making a payment after an account was closed then arguing that such reporting is illogical), Plaintiff should not be allowed as a matter of equity to hold Trans Union liable for such reporting. Additionally, any damages Plaintiff may have suffered here can and should be set off by the equitable theories of estoppel, waiver, and laches, even if Plaintiff could maintain a federal cause of action. For example, Plaintiff alleges that she discovered and disputed the reporting with Trans Union as early as June 2021, but she does not allege that she took any actions to resolve the issues or pursue a claim until four years later. And while Plaintiff filed a prior lawsuit against Trans Union, she did not include many of the accounts that are at issue in the current litigation. Therefore, any damages Plaintiff may have suffered resulted, at least in part, from her failure to prosecute the claims in 2023 and and/or the two-year delay to file this case following dismissal of her prior lawsuit.

3. Plaintiff has failed to take reasonable steps to mitigate her damages, if any. As discussed by the Court during the Status Hearing on November 18, 2025, discovery will reveal the extent of Plaintiff's failure to mitigate.

4. Plaintiff's damages are the result of contributory negligence and/or unclean hands. Among other things, any adverse reporting of the disputed accounts resulted from Plaintiff's failure to timely pay her debts, not from any violation of the FCRA by Trans Union. Additionally,

Plaintiff's failure to maintain a robust satisfactory credit profile has also contributed to Plaintiff's poor credit. Further, it appears that Plaintiff has applied for credit products that she was not otherwise qualified to receive, such as an American Express Platinum Card. And to the extent that the creditor's decision might have been based on a consumer report prepared by Trans Union, it does not appear that Plaintiff requested the full decision details and/or the reasons provided by American Express were unrelated to Trans Union's reporting.

WHEREFORE, Defendant Trans Union LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*/s/ Scott E. Brady*
Scott E. Brady, Esq. (IL# 3053449)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone: (317) 497-5600, Ext. 602
Fax: (317) 899-9348
E-Mail: sbrady@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **26th day of November, 2025**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Lauren Parker<br>Lnpark3r2@gmail.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **26th day of November, 2025,** properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Lauren Parker<br>1 East Erie Street, Suite 525<br>Chicago, IL  60611 | |

*/s/ Scott E. Brady*
Scott E. Brady, Esq. (IL# 3053449)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 602
Fax:  (317) 899-9348
E-Mail:  sbrady@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*